# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY GRIFFITH, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>DAVID PARKER, )<br>)<br>Respondent. ) | Case No. CIV-08-672-W |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Respondent has filed a response to the petition [Doc. No. 11] together with the state court sentencing transcript and the original record ("O.R."). Petitioner has filed a reply to the response, and the case is at issue. For the reasons set forth herein, it is recommended that the petition be denied.

Petitioner was convicted by a jury of two counts of attempted first degree rape (Counts One and Eight) and eight counts of sexual abuse of a child (Counts Three, Four, Five, Six, Seven, Ten, Eleven, and Twelve)[1] in Case No. CF-2004-2501, District Court of Oklahoma County. Response, Ex. 3. In accordance with the jury's recommendation,

---

[1]The jury found Petitioner not guilty of two charges of attempted first degree anal rape (Counts Two and Nine). Response, Ex. 3, p. 1. n.1; *see also* O.R., pp. 220, 227.

Petitioner was sentenced to five years of imprisonment on each of the attempted rape counts and three years of imprisonment on each of the sexual abuse counts, and the district judge ordered all sentences to run consecutively. *Id.* Petitioner appealed his convictions, raising nine claims for relief. Response, Ex. 1.[2] The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the Petitioner's convictions and sentences with the exception of one count of attempted rape which the Court reversed and dismissed. Response, Ex. 3, p. 4.

---

[2]On appeal Petitioner set forth the following claims for relief:

(I) Duplicate charges, convictions, and punishments violate [Petitioner's] constitutional protection against double jeopardy and/or double punishment;
(II) [Petitioner] was denied due process of law by conviction and punishment for "attempted rape in the first degree" under the general attempt statute, rather than the more specific statute regarding assault with intent to rape (commit a felony);
(III) In the alternative to Proposition II, [Petitioner] was prejudiced by the trial court's failure to instruct the jury on the lesser-related offense of assault with intent to rape, and trial counsel was ineffective for failing to request such jury instruction;
(IV) [Petitioner] was prejudiced by improper bolstering of the prosecutrix' testimony through admission of a video tape of the prosecutrix' interview at the care center and the testimony from four adult witnesses who repeated the prosecutrix' prior consistent statements;
(V) [Petitioner] was prejudiced by the trail court's error in admitting child hearsay evidence of which the defense received no notice from the State, as required by Section 2801.3 of Title 12;
(VI) [Petitioner] was denied a fair trial by the physician assistant's purported "diagnosis" of "sexual abuse by history," which was misleading and invaded the province of the jury to decide the central issue of whether the prosecutrix' allegations against [Petitioner] were true;
(VII) [Petitioner] was denied due process of law by the trial court's erroneous exclusion of evidence and jury instruction regarding [Petitioner's] physical condition, which was a part of [Petitioner's] theory of defense to the allegations on which he was tried;
(VIII) The trial court's order that [Petitioner's] sentences be served consecutively rendered [Petitioner's] aggregate sentence excessive; and
(IX) [Petitioner] has been prejudiced by cumulative error.

Response, Ex. 1.

Petitioner subsequently filed an application for post-conviction relief, alleging that the trial court's decision to order consecutive sentences violated his Sixth Amendment right to have the jury determine his sentence. Petition, pp. 3-4; *see also* Response, Ex. 4 (citing *Cunningham v. California*, 549 U.S. 270 (2007); *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakey v. Washington*, 542 U.S. 296 (2004); and *United States v. Booker*, 543 U.S. 220 (2005)). The district court denied the application, finding that on direct appeal, Petitioner had specifically challenged the trial court's "authority to order his sentences to be served consecutively[,]" and therefore, consideration of his post-conviction claim was precluded by the doctrine of res judicata. Response, Ex. 5, attached Order Denying Application for Post-Conviction Relief in Case No. CF-2002-2883, dated March 5, 2008 (unpaginated). Petitioner appealed, alleging in his petition in error that the trial judge's imposition of consecutive sentences violated his Sixth Amendment right to a jury trial and in addition alleging for the first time that he "was never advised during sentencing that he was being sentenced under the 85% law . . . ." Response, Ex. 5, p. 1.[3] In its order denying Petitioner's application for post-conviction relief the OCCA noted that Petitioner's convictions and sentences had been affirmed on appeal and that therefore, the doctrine of res

---

[3]Pursuant to Okla. Stat. tit. 21, § 13.1 (Supp. 2000), defendants convicted of the offenses enumerated in the statute must "serve not less than eighty-five percent (85 %) of any sentence of imprisonment imposed by the judicial system prior to becoming eligible for consideration for parole." Section 13.1 also provides that "[p]ersons convicted of these offenses shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty- five percent (85 %) of the sentence imposed." This statute, which was in effect at the time of Petitioner's sentencing, applied to his eight convictions of sexual abuse of a child. Okla. Stat. tit. 21, § 13.1(14) (any crime against a child provided for in Okla. Stat. tit. 10, § 7115).

judicata barred consideration of "all issues previously ruled upon by this Court[,]" and "all issues not raised in the direct appeal, which could have been raised, are waived." Response, Ex. 6, p. 1 (Order Denying Application for Post Conviction Relief, Case No. PC-2008-293). The OCCA agreed with the district court that "the issues raised in Petitioner's application filed with this Court were raised in Petitioner's direct appeal and denied at that point in time." *Id.*, p. 2.

Petitioner raises two grounds for habeas relief. The petition and attached supporting brief, read together, allege in Ground One that the trial court lacked the authority to impose consecutive sentences and that the court's imposition of such sentences denied Petitioner's right under the Sixth and Fourteenth Amendments to have the jury determine his punishment. Petition, p. 5.[4] In Ground Two Petitioner alleges that he was "never advised he was sentenced under the 85% law." *Id.*

In response to Ground One, Respondent contends that Petitioner's challenge to the consecutive sentences he received is a matter of state law which does not warrant federal habeas relief. Respondent further contends that Petitioner is not entitled to habeas relief in Ground One because the OCCA's rejection of the consecutive sentencing issue on direct appeal was not contrary to or an unreasonable application of Supreme Court precedent. Respondent contends that Petitioner's claim in Ground Two that he was not informed about the "85%" Rule for parole eligibility is procedurally barred from habeas review because he

---

[4]The printed form petition begins on page two.

4

defaulted this claim in the state courts.

## DISCUSSION

### **Standard Governing Habeas Corpus Review**

Where a petitioner's claims have been adjudicated on the merits in state court, this Court may grant habeas corpus relief only if that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2). Under this standard, judicial review is directed to the result of the state appellate court's decision, not its reasoning. *See Gipson v. Jordan*, 376 F.3d 1193, 1197 (10th Cir. 2004) ("[W]e defer to the [state court's] decision unless we conclude that its result - not its rationale - is 'legally or factually unreasonable'").

A state court decision is "contrary to" clearly established federal law for purposes of § 2254 if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from" the result reached by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). A state court decision involves an "unreasonable application" of federal law if "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "AEDPA's conception of objective unreasonableness lies 'somewhere between clearly

5

erroneous and unreasonable to all reasonable jurists.'" *House v. Hatch*, 527 F.3d 1010, 1019 (10th Cir. 2008) (quoting *Maynard v. Boone*, 468 F.3d 665, 670 (10th Cir. 2006)), *cert. denied*, 129 S.Ct. 1345 (2009). "Thus, 'only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254.'" *Id.* (quoting *Maynard*, 468 F.3d at 671)). In conducting this deferential inquiry, the Court presumes that the state court factual findings are correct, and the burden of rebutting this presumption by clear and convincing evidence is placed on the petitioner. *See* 28 U.S.C. § 2254(e)(1); *Smith v. Mullin*, 379 F.3d 919, 924-25 (10th Cir. 2004).

## I.  Ground One - Imposition of Consecutive Sentences

Although Petitioner's first ground for relief as articulated in the petition is less than clear,[5] having considered this claim as supplemented by the supporting brief attached to the petition, the undersigned construes Petitioner's claim to allege that the trial judge's imposition of consecutive sentences violated his right to a jury trial as guaranteed by the Sixth and Fourteenth Amendments. Petition, supporting brief, p. 1. Contrary to the state courts' interpretation, the undersigned finds that this claim was not raised on direct appeal;[6]

---

[5]Petitioner alleges:

> The court lacked the authority to (illegible) sentencing due to the evidence submitted by petitioner which should have been discovered during district court proceedings. Petitioner shows just cause and evidence which shows that the jury was confused on how they were to finish the sentencing phase

Petition, p. 5.

[6]On direct appeal, Petitioner alleged that by imposing consecutive sentences, making the
(continued...)

rather, Petitioner's claim that the trial court lacked authority to impose consecutive sentences and that such sentencing violated his constitutional right to a jury trial was raised for the first time in the post-conviction proceedings. Response, Exs. 4 and 6.

Respondent likewise interprets Petitioner's post-conviction claim to raise the same excessive sentence argument presented on direct appeal. Response, p. 4-6. As a result, Respondent fails assert a procedural bar defense with respect to this claim, contending instead that Petitioner's claim raises a matter of state law not cognizable on habeas review. Because it would be necessary to request supplemental briefing if the undersigned raised the procedural bar issue as to this claim *sua sponte*, *see Hardiman v. Reynolds*, 971 F.2d 500, 505 (10th Cir.1992), and because this claim is clearly without merit, the undersigned has chosen to dispose of this issue without regard to procedural bar. *See Cannon v. Mullin*, 383 F.3d 1152, 1159 (10th Cir. 2004) ("When questions of procedural bar are problematic . . . and the substantive claim can be disposed of readily, a federal court may exercise its discretion

---

⁶(...continued)
aggregate sentence thirty-four years of imprisonment, the trial court abused the discretion granted by state law, particularly "[i]n light of all the facts and circumstances." Response, Ex. 1, p. 45 (citing Okla. Stat. tit. 22, § 976). In support of his claim, Petitioner relied on the following circumstances: (1) he had no prior convictions; (2) he had voluntarily contributed monetary support for the victim, his daughter; and (3) a note sent by the jury during deliberations questioning whether the sentences would be served consecutively or concurrently coupled with the minimal sentences recommended by the jury on each count indicated that the jury did not want Petitioner to be severely punished. Response, Ex. 1, p. 46. Relying on Oklahoma law, Petitioner requested that "in the interest of justice" his the sentences should be modified to run concurrently. *Id.*, p. 47. Nowhere in his argument on direct appeal does Petitioner challenge the trial judge's authority to impose consecutive sentences or raise an issue pursuant to the Constitution or laws of the United States.

As previously noted, on direct appeal the OCCA found that Petitioner's "overall sentence is not excessive, especially as modified [by the reversal of the conviction on Count VII] . . . ." Response, Ex. 3, p. 4 (citing *Rea v. State*, 34 P.3d 148 (Okla. Crim. App. 2001)).

to bypass the procedural issues and reject a habeas claim on the merits.").

Petitioner does not dispute that each sentence imposed is within the range of punishment provided by Oklahoma law.[7] Nonetheless, Petitioner alleges that the jury was "confus[ed] on how the sentences would be served" as proven by a note from the jury questioning whether Petitioner's sentences would be served concurrently or consecutively. Petition, supporting brief, p. 1; *see also* Response, Ex. 4 (Application for Post-Conviction Relief, attached Court's Exhibit 3). According to Petitioner, the "minimal sentences" recommended by the jury on each count "could be interpreted that the sentences should be concurrent." Petition, supporting brief, pp. 1-2. Petitioner asserts therefore that by running the counts consecutively "through some type of judge found facts pursuant to [state law] or prosecutor's comments rather than following the intent of the Jury's decision to sentence to these minimal sentences . . .[,]" the trial judge violated Petitioner's constitutional right to have the jury impose his sentence. *Id.*, pp. 2, 5. As relief, Petitioner requests that this Court modify his sentences to run concurrently. Petition, supporting brief, p. 9.

Petitioner relies on a series of United States Supreme Court decisions, beginning with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which established an adult criminal defendant's general right, under the Fifth, Sixth and Fourteenth Amendments, to a jury finding beyond reasonable doubt of any fact used to increase the sentence for a felony

---

[7]The sentencing range for the two counts of attempted rape was imprisonment "not less than five years." O.R., p. 213 (Instruction No. 18). The jury set punishment for five years on Count One, which was affirmed by the OCCA. O.R., p. 219. On each count of sexual abuse of a child, the sentence range was "a term not exceeding life imprisonment" or "imprisonment in the county jail not exceeding one year" and/or a fine of $500.00 on each count. O.R., p. 213 (Instruction No. 18).

conviction beyond the maximum term permitted by conviction of the charged offense alone. *See Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.");[8] *see also Cunningham v. California*, 549 U.S. 270, 274 (2007) (rejecting three-tier sentencing scheme under which conviction triggered mid-level sentence unless trial judge made certain findings that triggered either top-or bottom-level prison terms); *United States v. Booker*, 543 U.S. 220, 243-44 (2005) (holding that U.S. Sentencing Guideline system, insofar as mandatory, denied jury-trial right by allowing trial judge to depart from guideline range based on judicial fact-finding); *Blakely v. Washington*, 542 U.S. 296, 299, 305 (2004) (holding that Washington statutory sentencing scheme violated *Apprendi* because it allowed a departure from a standard sentencing range if the judge decided that there were "substantial and compelling reasons justifying an exceptional sentence"); *Ring v. Arizona*, 536 U.S. 584, 609 (2002) (applying *Apprendi* to sentencing facts supporting eligibility for the death penalty). Petitioner relies on this line of authority to support his claim that the sentencing scheme under Oklahoma law which allows a judge to determine whether to run multiple sentences concurrently or consecutively is unconstitutional.

The United States Supreme Court has in a recent decision specifically held that States

---

[8]*Apprendi* addressed a New Jersey "hate crime" law that provided additional punishment for certain crimes if the trial judge found, by a preponderance of evidence, that the "defendant in committing the crime acted with a purpose to intimidate an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation or ethnicity." *Apprendi*, 530 U.S. at 468-69.

may "entrust to judges' unfettered discretion the decision whether sentences for discreet offenses shall be served consecutively or concurrently . . . without transgressing the Sixth Amendment." *See Oregon v. Ice*, __ U.S. __, 129 S.Ct. 711, 714 (2009). In *Ice*, the Court considered whether a state sentencing scheme in which judges are required to find certain facts before imposing consecutive, rather than concurrent, sentences does not violate the Sixth Amendment. *Ice*, 129 S.Ct. at 714-15. The Supreme Court held that because the decision to impose sentences consecutively or concurrently is not traditionally within the exclusive province of the jury, *Apprendi* and *Blakely* should not be extended to invalidate statutes which assign to judges findings of fact necessary to impose consecutive sentences rather than concurrent sentences. *Id.* at 716-20 (holding, "in light of historical practice and the authority of States over administration of their criminal justice systems," that the Sixth Amendment does not exclude Oregon's statutory procedure.).

The State of Oklahoma has vested sentencing judges with the discretion to order sentences to be served concurrently or consecutively without further fact finding. *See* Okla. Stat. tit. 22, § 976 (2001).[9] In Petitioner's case, the trial judge, as provided by Oklahoma law, reviewed the jury's recommendations, and in her discretion, without the necessity of fact

---

[9]Section 976 states:

> If the defendant has been convicted of two or more offenses, before judgment on either, the judgment may be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of the offenses. Provided, that the sentencing judge shall, at all times, have the discretion to enter a sentence concurrent with any other sentence.

Okla. Stat. tit. 22, § 976 (2001).

10

finding, determined that Petitioner's sentences in all counts were to be served consecutively. *See Money v. State*, 700 P.2d 204, 207 (Okla. Crim. App. 1985) ("It is clear that the decision to run the sentences concurrently or consecutively is a matter within the trial court's discretion.").

In light of an Oklahoma trial court's discretionary authority under Oklahoma law to impose consecutive prison terms without further fact finding and the Supreme Court's decision in *Ice* finding that the authority of States to so proceed does not violate the Sixth Amendment, the undersigned finds Petitioner's challenge to his consecutive sentences is without merit and thus fails to provide a basis for granting federal habeas relief. *Ice*, 129 S.Ct. at 714.

For these reasons, the undersigned recommends that Petitioner's claim for habeas relief on Ground One be denied.

## II. Ground Two - Failure to Advise Petitioner of 85% Parole Eligibility Rule

As his second ground for relief, Petitioner alleges that he "was never advised he was sentenced under the 85% law." Petition, p. 5. Petitioner maintains that neither the court nor his attorney advised him that his parole eligibility for the eight counts of sexual abuse of a child would be restricted, and that he was not aware of the "85% law" until the warden's assistant informed him in February 2008. *Id.* According to Petitioner, "the Court should have explained (the 85% rule) during sentencing . . ." and he "was prejudiced" because neither his counsel nor the court advised him on this issue. *Id.*

Petitioner did not raise this issue on direct appeal. Response, Ex. 1. Moreover, the

issue was not raised in his application for post-conviction relief but was inserted for the first time in the petition in error filed in his post-conviction appeal to the OCCA. Response, Exs. 4, 5. The OCCA found Petitioner's post-conviction claims procedurally barred and therefore did not address the merits of this claim. Response, Ex. 6, p. 2.

Respondent contends that this claim is barred from federal habeas review due to Petitioner's procedural default in the state courts.[10] Response, p.7. "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

A state procedural bar is "independent" if it relies on state law, rather than federal law. *See Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008) (citations omitted). A state procedural default rule is "adequate" if it is firmly established and regularly followed by the state courts. *Id.* (citations omitted). In this case, the procedural bar is based on state law, *see* Okla. Stat. tit. 22, § 1086, and the Tenth Circuit Court of Appeals has found Oklahoma's bar of claims not raised on direct appeal to be independent and adequate with respect to claims

---

[10] Even if this claim was not procedurally barred, it would be subject to dismissal for failure to state a claim for which relief could be granted. Although Petitioner states that he "was prejudiced" because he was not advised about the 85% rule, he offers no facts to suggest in what way he was prejudiced. Unlike a defendant who voluntarily enters a guilty plea, Petitioner was convicted and sentenced after a jury trial, and therefore, the application of the 85% rule to his sentences is a matter about which - known or unknown - he could do nothing.

other than some ineffective assistance of counsel claims. *See id.* Federal habeas review of the claim in Ground Two is therefore precluded unless Petitioner shows cause and prejudice or a fundamental miscarriage of justice.

"Cause . . . must be something external to the petitioner, something that cannot fairly be attributed to him . . . ." *Coleman*, 501 U.S. at 753 (quotations omitted). Petitioner does not identify any cause for his failure to raise this claim on direct appeal. Petitioner does assert that appellate and trial counsel rendered ineffective assistance on direct appeal or at sentencing although such allegations appear to be in response to the procedural bar of his sentencing issue raised in Ground One rather than Ground Two claim regarding the 85% rule. *See* Petition, supporting brief, pp. 6, 7 and 9.

Even if the petition is liberally construed to allege ineffective assistance of counsel as cause for Petitioner's procedural default,[11] such claim would not avoid application of a procedural bar. Although it is well established that in certain circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default, *see Murray v. Carrier*, 477 U.S. 478, 488-89 (1986), the ineffectiveness of the assistance provided by counsel must rise to the level of a constitutional violation. *Id.* Moreover, the ineffective assistance of counsel claim must be presented to the state courts as an independent claim before it may be used to establish cause to excuse a procedural

---

[11]Petitioner states generally that he did not learn that he was "sentenced under the 85% law" until the warden's assistant informed him on February 14, 2008. Petition, p. 6.

default. *Id.* at 489. Petitioner has not presented an ineffective assistance of trial or appellate counsel claim to the state courts as an independent claim. Therefore, any alleged ineffective assistance of counsel cannot be considered as "cause" to excuse Petitioner's procedural default.

Therefore, Petitioner has not shown cause for his having failed to raise on direct appeal a claim that he was not advised that he would be sentenced under Oklahoma's 85% Rule.[12] Because Petitioner has not established "cause and prejudice" sufficient to excuse his failure to present these defaulted claims in his direct appeal, Petitioner may obtain federal habeas review of his defaulted claims "only if he falls within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314-315 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). Petitioner has made no such showing, and he has not shown that the Court's failure to review the merits of his underlying claims would result in a fundamental miscarriage of justice. Accordingly, it is recommended that relief be denied on Ground Two.

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the petition for a writ of habeas corpus be denied. Petitioner is advised that he may file an objection to this Report and Recommendation with the Clerk of this Court by January 12, 2010, in accordance with

---

[12]Because Petitioner has failed to show "cause," the Court need not decide whether he has shown prejudice. *See Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995) ("The 'cause and prejudice' exception is conjunctive, requiring proof of both cause and prejudice.").

28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 23rd day of December, 2009.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE