IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED
JAN 25 2010
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____DEPUTY

TIMOTHY GRIFFITH, )
)
Petitioner, )
)
vs. ) No. CIV-08-672-W
)
DAVID PARKER, Warden, )
)
Respondent. )

## ORDER

On December 23, 2009, United States Magistrate Judge Bana Roberts issued a Report and Recommendation in this matter and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed pursuant to title 28, section 2254 of the United States Code by petitioner Timothy Griffith be denied. Griffith was advised of his right to object to the report, and the matter now comes before the Court on Griffith's Response to Report and Recommendation.

Griffith was convicted by a jury in the District Court of Oklahoma County, Oklahoma, of two counts of attempted rape in the first degree (Counts One and Eight), 21 O.S. § 1111, and eight counts of sexual abuse of a child (Counts Three, Four, Five, Six, Seven, Ten, Eleven and Twelve), 10 O.S. § 7115. State v. Griffith, No. CF-02-2883. The jury found Griffith not guilty of two charges of attempted anal rape in the first degree (Counts Two and Nine), 21 O.S. § 1111. In accordance with the jury's recommendation, the Honorable Susan P. Caswell, District Judge of Oklahoma County, Oklahoma, sentenced Griffith to five (5) years of imprisonment on both Counts One and Eight and three (3) years

of imprisonment on each of the remaining eight counts and ordered the sentences to run consecutively.

Griffith appealed to the Oklahoma Court of Criminal Appeals ("OCCA") and raised nine (9) claims for relief. On March 21, 2007, the OCCA affirmed Griffith's convictions as to all counts except his conviction on Count Eight, attempted rape in the first degree, which it reversed and dismissed. Griffith v. State, No. F-2005-911 (Okla. Crim. March 21, 2007).

Griffith then unsuccessfully sought state post-conviction relief, alleging that the trial court's decision to order consecutive sentences violated his right under the sixth amendment to the United States Constitution to have the jury determine his sentence. See Griffith v. State, No. CF-2002-2883 (Order dated March 5, 2008). Griffith likewise appealed that decision, and the OCCA noted that it had affirmed Griffith's convictions and sentences and therefore, the doctrine of res judicata barred consideration of "all issues previously ruled upon." Griffith v. State, No. PC-2008-293, slip op. 1 (Okla. Crim. May 20, 2008). The state appellate court further found that "all issues not raised in the direct appeal, which could have been raised, [were] . . . waived." Id. In making this determination, the OCCA agreed with the state district court that "the issues raised in Petitioner's application . . . were raised in Petitioner's direct appeal and denied at that point in time." Id. at 2.

In Ground One of his Petition, Griffith has argued that the trial court lacked the authority to impose consecutive sentences and in imposing consecutive sentences, the court violated the sixth and fourteenth amendments to the United States Constitution. In Ground Two, Griffith has complained that he was never advised that he was sentenced

under the "85% law"[1] and that he was prejudiced by not being so advised by counsel and the trial court.[2]

Upon de novo review of the record, the Court concurs with Magistrate Judge Roberts' suggested disposition of this matter and her decision to review the merits of Griffith's grounds for relief. First, as Magistrate Judge Roberts found, Griffith's challenge to the imposition of consecutive sentences is not constitutionally prohibited in this case. E.g., Oregon v. Ice, 129 S. Ct. 711, 714 (2009); 22 O.S. § 976. Thus, Ground One provides for no basis for federal habeas relief.

The Court further finds that Griffith cannot pursue his second ground for relief because he is procedurally barred from doing so. Griffith did not raise issues pertaining to the "85% law" on direct appeal or in his initial state post-conviction proceedings. The OCCA found that Griffith's post-convictions claims were procedurally barred, and it did not address them on the merits.

---

[1] Pursuant to title 21, section 13.1 of the Oklahoma Statutes, a person convicted of certain enumerated offenses "shall be required to serve not less than eighty-five percent (85%) of any sentence of imprisonment . . . prior to becoming eligible for consideration for parole." 21 O.S. § 13.1. Section 13.1 further provides that "[p]ersons convicted of these offenses shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed." Id. This statute applied to Griffith's convictions on the eight (8) counts of sexual abuse of a child. E.g., 21 O.S. § 13.1(14).

[2] The Court has considered Griffith's statement that he "would also assert at this time that there were more than two issues on Habeas Petition as seen in 'Conclusion' on Petition." Response to Report and Recommendation [Doc. 17] at 2. In reviewing the allegations in the Petition and in the Brief in Support, the Court finds no grounds have been raised that warrant the relief Griffith has requested: "[I]n the interest of Justice [this Court is asked] to exercise its discretion by reducing the severity of the sentences by modifying the sentences to run concurrently," Doc. 1 at 15; e.g., Response to Report and Recommendation [Doc. 17] at 5, and/or by "remand[ing] for consideration of suspended sentences of (or) at least a portion of sentences." Id. (citations omitted).

3

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Because the United States Court of Appeals for the Tenth Circuit has found that "Oklahoma's bar of claims not raised on direct appeal be independent and adequate with respect to claims other than ineffective assistance of counsel [claims]," Smith v. Workman, 550 F.3d 1258, 1274 (10th Cir. 2008)(citations omitted), federal review of this claim as set forth in Ground Two is precluded unless Griffith can show "cause for the default" as well as "actual prejudice" or "a fundamental miscarriage of justice." Because the Court finds that Griffith has not demonstrated cause to excuse his failure to raise this claim on direct appeal or established that this Court's failure to consider the merits of this claim would result in a fundamental miscarriage of justice, Griffith is entitled to no relief on Ground Two.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 16] filed on December 23, 2009;

(2) DENIES the Petition file-stamped July 2, 2008; and

(3) ORDERS that judgment in favor of respondent David Parker issue forthwith.

ENTERED this 25th day of January, 2010.

LEE R. WEST
UNITED STATES DISTRICT JUDGE